IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                               Case Nos.:   4:99cr17/RH/GRJ
                                                                                              4:14cv318/RH/GRJ
ALEX RANDELL
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Docs. 101, 102.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the Court concludes that the Court is without jurisdiction to entertain Defendant's motion and therefore the motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced on July 23, 1999 to a term of life imprisonment after a jury convicted him of two controlled substance offenses. (Docs. 23, 33.)  The Eleventh Circuit affirmed his conviction and sentence on appeal in June of 2000. (Doc. 51.) Defendant has filed numerous post-conviction motions.  First, Defendant timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the Court denied on the merits in August of 2002 over Defendant's objection. (Docs. 53,

63–65.)  Defendant unsuccessfully moved for reconsideration and also unsuccessfully appealed. (Docs. 67–69, 82.)  In 2006, the Eleventh Circuit denied Defendant's motion for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. (Doc. 83.)  In 2010, Defendant filed a Rule 60(b) motion, which the district court denied. (Docs. 84, 85.)  The Eleventh Circuit affirmed. (Doc. 97.)  In 2011, Defendant filed a motion pursuant to 18 U.S.C. § 3582 for retroactive application of Amendment 750 to the Sentencing Guidelines. (Docs. 98, 99.)  The instant motion was filed pursuant to the prison mailbox rule on June 16, 2014. (Doc. 101 at 13.)  Defendant claims that the instant motion is timely filed in light of the actual innocence exception and that it is based on new case law, specifically Descamps v. United States, 133 S.Ct. 1924 (2013) (*see id*. at 12; doc. 102).

This court does not have jurisdiction to entertain Defendant's motion.  As Defendant should be aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010).  Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.  This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review, that was previously

unavailable.  28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 101), should be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of July, 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).