IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                         CASES N\O.  4:99cr17-RH/GRJ
                                                       4:14cv318-RH/GRJ

ALEX RANDELL,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 103, and the objections, ECF No. 104.  I have reviewed *de novo* the issues raised by the objections.

The report and recommendation correctly concludes that the defendant's motion is second or successive and thus cannot go forward without authorization from the United States Court of Appeals for the Eleventh Circuit.  See 28 U.S.C. § 2244(b)(3).  This order thus accepts the report and recommendation and denies the § 2255 motion.

The § 2255 motion is also unfounded on the merits.  The defendant was sentenced to life in prison as required by the statute in effect at the time.  Neither the Fair Sentencing Act nor any other intervening developments allow a reduction of a properly entered life sentence under these circumstances.  That the § 2255 motion is unfounded on the merits provides further support for the denial of a certificate of appealability, as discussed below.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

SO ORDERED on September 2, 2014.

                                              s/Robert L. Hinkle
                                              United States District Judge